IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **VERIDOC SYSTEMS LLC,**<br><br>              Plaintiff,<br><br>v.<br><br>**ASITE LLC,**<br><br>              Defendant. | C.A. No. 4:25-cv-5364<br><br>**JURY TRIAL DEMANDED**<br><br>**PATENT CASE** |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff VeriDoc Systems LLC files this Original Complaint for Patent Infringement against Asite LLC and would respectfully show the Court as follows:

### I. THE PARTIES

1. Plaintiff VeriDoc Systems LLC ("VeriDoc" or "Plaintiff") is a Wyoming limited liability company having an address at 1712 Pioneer Ave., Ste 500, Cheyenne, WY 82001.

2. On information and belief, Defendant Asite LLC ("Asite" or "Defendant") is a New York company with a regular and established places of business at 2700 Post Oak Blvd, Galleria, Office Tower 1, Houston, Texas 77056.  Defendant has a registered agent Nathan Doughty at 609 Main Street, 25th Fl, Houston, TX 77002.

### II. JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long-Arm Statute, due at least to its

1

business in this forum, including at least a portion of the infringements alleged herein at 2700 Post Oak Blvd, Galleria, Office Tower 1, Houston, Texas 77056.

5. Without limitation, on information and belief, Defendant has derived revenues from its infringing acts occurring within Texas. Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Texas. Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its sale of products and/or services within Texas. Defendant has committed such purposeful acts and/or transactions in Texas such that it reasonably should know and expect that it could be sued in this Court as a consequence of such activity.

6. Venue is proper in this District under 28 U.S.C. § 1400(b). On information and belief, Defendant has a regular and established place of business in Texas and in this District at 2700 Post Oak Blvd, Galleria, Office Tower 1, Houston, Texas 77056. On information and belief, from and within this District, Defendant has committed acts of infringement, including at least a portion of the infringements at issue in this case.

7. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. § 1400(b).

### III. COUNT I

### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 10,814,661)

8. Plaintiff incorporates the above paragraphs herein by reference.

9. On October 27, 2020, United States Patent No. 10,814,661 ("the '661 Patent") was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '661 Patent is attached hereto as Exhibit A and incorporated herein by reference.

10. VeriDoc is the assignee of all right, title, and interest in the '661 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '661 Patent. Accordingly, VeriDoc possesses the exclusive right and standing to prosecute the present action for infringement of the '661 Patent by Defendant.

11. The '661 Patent relates to the field of data validity discovery and more particularly to validity of digital and physical data. (Ex. A at 1:6-8). The '661 Patent describes a technical problem with verifying the genuineness of a document before the document is processed further. (*Id.* at 1:47-40). For example, a medical prescription is usually handwritten or typed and therefore can be easily forged or tampered with to obtain unlawful access to prescriptions. (*Id.* at 1:27-36). To avoid wrongful use of a prescription, the prescription must be verified by selling medications to a patient or for preventing medical fraud. (*Id.* at 1:37-40). Other documents may also require validation before processing including a legal instrument (*e.g.*, a contract), an educational certificate, a bank letter, an official letter, a government document, and bills for goods and services. (*Id.* at 1:41-46). The inventor therefore saw a need for a new method of digitally verifying the authenticity of a physical document. (*Id.* at 1:47-49).

12. The claimed method involved registering a document at a repository by storing details, including at least one of a name of the document, an e-mail of a creator of the document, date and time of creation of the document, and an image of the document comprising content of the document, and a signature of the creator related to the document in a location of the repository. Generating a symbology for the document, and the symbology is an identifier of the location of the repository, comprising the document. Associating the symbology with a physical copy of the document. Scanning the physical copy of the document to generate a scanned image. Accessing the document and the details related to the document present at the location of the repository,

3

wherein the document is accessed using the symbology present on the scanned image. Comparing the scanned image with the document stored in the repository to determine the authenticity of the physical copy of the document, based on results of the comparison.

13. As discussed during the prosecution history of the '661 patent, the prior art lacked, among other features, generating a symbology for the document and the symbology is an identifier of the particular location at the repository. The prior art lacked disclosing the specific location of the information of the document in the repository. Furthermore, the closest prior art only disclosed a method for accessing documents used to grant authority for one person to perform on behalf of another person the actions specified in such documents in an independent repository. The prior art failed to disclose the system for verifying the authenticity of a document which is directly depending upon the location-specific symbology of the document. The claimed invention further accessed the document and the details related to the document present at the location in the repository. The prior art therefore did not disclose at least generation of the unique symbology for a document and the symbology being used as an identifier for the location of the document in the repository.

14. **Direct Infringement.** Upon information and belief, Defendant has been directly infringing and continues to infringe claim 1 of the '661 Patent in Texas, this District and elsewhere in the United States. As shown below, Defendant performs the claimed method of verifying authenticity of a physical copy of a document through use of the Asite workspace platform that infringes claim 1.

15. For example, Defendant provides an Asite workspace platform that provides a version control functionality for documents. The Asite workspace also includes a Document Manager system that enables a user to access the latest versions of a document or file by placing a

QR code on the document or file. Upon scanning the QR code, placed onto a printed document ("a physical copy"), using a mobile device, the system retrieves the online stored document for verifying whether the scanned printed document is the latest or superseded ("verifying authenticity of a physical copy of a document").

> Asite provides members of the workspace team with instant access to the latest workspace information and communications via the internet.
> Asite allows team members to publish Documents to a central repository (Workspace)
> Asite also automatically creates a comprehensive audit trail of what is happening in workspaces.
> Asite Workspace allows team members facility to follow the traditional 'paper processes' by keeping a track of these hard copy documents as if they were uploaded onto the system.
> It is simple to use and you can view, print documents by means of an integrated viewer.
> Asite workspaces are either of type Document Manager or Workflow Manager.

(https://dms.asite.com/dmsHelp/About_Project_Workflow.htm)

> Step 1: Configure a file system task for executing the Groovy script in the relevant project. Here, use the Groovy script to embed the QR code (of 'Dynamic' Type) while printing and downloading the document or embed the QR code (of 'Static' Type) while printing and downloading the document as required.

(https://help.asite.com/en/articles/5508950-extended-qr-code-on-files).

> The advanced document management system automatically manages revisions to documents meaning you are always working to the latest version of a document, dramatically reducing the risk of working on out of date information. Because Document Manager works within Asite Workspaces your documents are instantly accessible to other members of your Workspace. Asite's e-mail integration allows you to also store e-mails within the Document Manager, ensuring critical communications don't get lost within an e-mail account. The powerful indexed search facility allows you to instantly locate documents and emails at the touch of a button, and the overfull Audit Trail ensures you know what is happening to your documents.

(https://dms.asite.com/dmsHelp/Document_Manager.htm).

- Ensure correct document is used
- Compare versions to easily see what has changed
- Easy access to previous versions
- Use QR codes to ensure hard copies are the latest revision

(https://system.asite.com/com/asite/www/document-management.html#version_control).

> **3. QR Code Positioning**
> Administrators will have to define the position where the QR Code needs to be placed on the document revision.

(https://dms.asite.com/dmsHelp/Publish_Documents___Drawings_-_QR_Code.htm).

> • **Enable QR Code -** To use the QR code feature for files (works on '.pdf' file revisions only by default unless configured for other file extensions separately). If enabled, it helps you scan the QR code on files and identify whether the file revision is the latest based on the project's QR code configuration.

(https://help.asite.com/en/articles/5319046-edit-a-folder-on-a-project).

**7. Verification of QR Code from Device**
The Site Manager or Front Line Staff member who wants to verify that the document is latest one or not, will have to scan a QR Code of the document by the mobile device. Necessary Apps to scan the QR code will need to be installed.

The QR Code values will go for the verification process by the hyperlink of the QR Code of the document



— Physical copy of the document or file
— QR code placed on the document or file

The Site Manager or Front Line Staff member who scanned the QR Code from the mobile device will get a result on the mobile device as per the QR code configuration.

(https://dms.asite.com/dmsHelp/Publish_Documents___Drawings_-_QR_Code.htm).

> **Publish Documents & Drawings - QR Code**
> **Quick Response Code (QR Code)**
> The objective of the QR Code functionality is that user with a smartphone could scan and check if the drawing is latest or superseded. Quick response codes (known as "QR" codes) are a very convenient way to display a small bit of information that is easily scanned and processed typically by mobile devices.

(https://dms.asite.com/dmsHelp/Publish_Documents___Drawings_-_QR_Code.htm).

16. Defendant performs the step of registering, by a processor, a document in a repository by storing details related to the document in a location of the repository, wherein the details comprise at least one of a name of the document, an e-mail of a creator of the document, date and time of creation of the document, and an image of the document comprising content of

the document, and a signature of the creator. For example, the Document Manager system provides a storage space for storing documents or files and its attributes ("details related to the document") and notifies the user about the documents or files published to a central repository. The platform also stores details related to the stored document such as file name ("the details comprise at least one of a name of the document"), publish date ("date and time of creation of the document"), and publisher name. Therefore, it would be apparent to a person having ordinary skill in the art that the system uses a processor of the user's mobile device to store the details related to the document for registration in a repository within the platform.

**Document Manager**
- Asite Workspace enables collaborate during feasibility stage of the project
- Asite Workspace enables collaborate during the facilities management stage of the project
- Asite Workspace enables collaborate on small projects.
- Asite Workspace allows team members notify users about the Documents published to central repository to other team members.
- Email notifications inform you of any change in the role assigned to you. Your own central 'inbox', within Asite Workspace, provides a clear
- Projects within Asite Workspace can be upgraded to Asite Project Workflow when required

(https://dms.asite.com/dmsHelp/About_Project_Workflow.htm).

| Document Management | Personal Access | Role Based Access | Role Based Access |
|---|---|---|---|
| Configurable Hierarchical Folder Structure | ✓ | ✓ | ✓ |
| Batch Upload Documents | ✓ | ✓ | ✓ |
| Standard Upload including Import Attributes | ✓ | ✓ | ✓ |
| Batch Download Documents | ✓ | ✓ | ✓ |
| Document Search | Basic / Partial Advanced | Basic / Partial Advanced | Basic / Partial Advanced |
| Document Viewer (View up to 250 File Formats including AutoCAD .dwg and Microstation .dgn) | ✓ | ✓ | ✓ |
| Automatic Version Control with Full Audit Trail | ✓ | ✓ | ✓ |
| Deactivate / Reactivate Specific Revisions of Documents | ✓ | ✓ | ✓ |
| Delete Documents | ✓ | ✗ | ✗ |
| Create Placeholders to notify of forthcoming / required Documents | ✗ | ✗ | ✗ |
| Create Records of Paper Documents | ✓ | ✓ | ✓ |
| Link Documents between Folders / Projects / Applications | ✓ | ✓ | ✓ |
| Copy Folder Structure | ✓ | ✓ | ✓ |
| Move Documents | ✓ | ✓ | ✓ |
| Move Folders | ✓ | ✓ | ✓ |
| Storage Space | 1 GB - Extendable | Unlimited | Unlimited |

(https://dms.asite.com/dmsHelp/About_Project_Workflow.htm).

7



(https://dms.asite.com/dmsHelp/Publish_Documents___Drawings_-_QR_Code.htm).

17. Defendant performs the step of generating by the processor a symbology for the document, wherein the symbology is an identifier of the location of the repository, comprising the document. For example, the Document Manager system comprises an 'Include QR code' functionality that allows users to generate a unique QR code ("a symbology") for each document to retrieve its version details with respect to the corresponding document from the storage ("identifier of the location of the repository comprising the document").



(https://help.asite.com/en/articles/5508950-extended-qr-code-on-files).

8

# Extended QR Code on Files

This article shows you how to use extended QR codes on files.

Updated over a month ago

Asite allows the configuration of the QR code function for files uploaded in all formats supported by Asite File Viewer with the help of workflow system tasks. Without the help of workflow system tasks, the QR code function is limited to files uploaded in PDF format only based on the project and folder configuration.

(https://help.asite.com/en/articles/5508950-extended-qr-code-on-files).

Step 2: Configure another file system task to execute the Groovy script in the same project. You can use the Groovy script to enable the 'Include QR code' option in download preference.

(https://help.asite.com/en/articles/5508950-extended-qr-code-on-files).

**Quick Response Code (QR Code)**

The objective of the QR Code functionality is that user with a smartphone could scan and check if the drawing is latest or superseded. Quick response codes (known as "QR" codes) are a very convenient way to display a small bit of information that is easily scanned and processed typically by mobile devices.

When each drawing is published to a folder, a unique QR code will be generated for the drawings. To generate QR code for drawings, users will have to set the rules before publishing the drawings. Follow the steps given below to set the rules.

**1. Enable QR Code**
A new section for definition of QR functionality has been introduced in the Workspace settings for Administrators to define if QR code functionality is to be enabled.

(https://dms.asite.com/dmsHelp/Publish_Documents___Drawings_-_QR_Code.htm).



(https://system.asite.com/com/asite/www/document-management.html#version_control).

- **Enable QR Code -** To use the QR code feature for files (works on '.pdf' file revisions only by default unless configured for other file extensions separately). If enabled, it helps you scan the QR code on files and identify whether the file revision is the latest based on the project's QR code configuration.

(https://help.asite.com/en/articles/5319046-edit-a-folder-on-a-project).



(https://dms.asite.com/dmsHelp/Publish_Documents___Drawings_-_QR_Code.htm).

      18.    Defendant performs the step of associating, by the processor, the symbology with a physical copy of the document. For example, once the platform generates the QR code for the document, it allows the users to place the QR code on the document or file and, further, download

and print the document with the embedded QR code ("associating, by the processor, the symbology with a physical copy of the document").



(https://help.asite.com/en/articles/5508950-extended-qr-code-on-files).



(https://dms.asite.com/dmsHelp/Publish_Documents___Drawings_-_QR_Code.htm).

11

> Step 1: Configure a file system task for executing the Groovy script in the relevant project. Here, use the Groovy script to <u>embed the QR code (of 'Dynamic' Type) while printing and downloading the document</u> or <u>embed the QR code (of 'Static' Type) while printing and downloading the document</u> as required.

(https://help.asite.com/en/articles/5508950-extended-qr-code-on-files).



**7. Verification of QR Code from Device**
The Site Manager or Front Line Staff member who wants to verify that the document is latest one or not, will have to scan a QR Code of the document by the mobile device. Necessary Apps to scan the QR code will need to be installed.

The QR Code values will go for the verification process by the hyperlink of the QR Code of the document

— the symbology with a physical copy of the document

The Site Manager or Front Line Staff member who scanned the QR Code from the mobile device will get a result on the mobile device as per the QR code configuration.

(https://dms.asite.com/dmsHelp/Publish_Documents___Drawings_-_QR_Code.htm).

19.     Defendant performs the step of scanning, by the processor, the physical copy of the document to generate a scanned image. For example, the Document Manager system allows the user to scan the embedded QR code on the printed document using the mobile device's camera. This scanning includes not just the QR code but also the visual content (e.g., drawings, annotations, signatures, layout, etc.) that constitutes a portion of the document. Thus, the platform scans the physical copy of the printed document and not just the QR code. During this process, and as part of capturing the QR code, a scanned image is generated in the background, which is then used to decode the QR code. This process results in a digital representation of the printed document, thereby fulfilling the same purpose as scanning the physical document.  This process allows the platform to access a digital representation of the printed document and, thereby, fulfils the same purpose as that of scanning the printed document. This digital representation, further, enables the

comparison between the scanned physical document and the corresponding online stored document.



(https://dms.asite.com/dmsHelp/Publish_Documents___Drawings_-_QR_Code.htm).

(https://dms.asite.com/dmsHelp/Publish_Documents___Drawings_-_QR_Code.htm).

(https://dms.asite.com/dmsHelp/Publish_Documents___Drawings_-_QR_Code.htm).

20. Defendant performs the step of accessing, by the processor, the document and the details related to the document present at the location of the repository, wherein the document is accessed using the symbology present on the scanned image. For example, the Document Manager

system enables the users to access ("accessing, by the processor, the document ") documents or files and their attributes ("the details related to the document") by scanning the QR code on the printed document or file. Upon information and belief, after scanning, the platform decodes the QR code within the scanned image and retrieve the corresponding document that is stored in the storage. Further, this step enables the platform to access the document and its associated attributes ("the document and the details related to the document present at the location of the repository") for displaying it to the user.

(https://dms.asite.com/dmsHelp/About_Project_Workflow.htm).



(https://dms.asite.com/dmsHelp/Publish_Documents___Drawings_-_QR_Code.htm).



(https://dms.asite.com/dmsHelp/Publish_Documents___Drawings_-_QR_Code.htm).

14

21. Defendant performs the step of comparing, by the processor, the scanned image with the document stored in the repository to determine the authenticity of the physical copy of the document, based on results of the comparison. For example, the system provides a functionality of version control that allows users to verify whether the printed document is the latest or superseded by scanning the embedded QR code. Upon information and belief, the platform utilizes version control to identify mismatches between the scanned image of the physical document and the corresponding version stored in the storage, such that it flags any document with a newer version as outdated. While the comparison logic may be based on metadata, it nonetheless evaluates the scanned physical document against the online stored document. Therefore, the comparison logic utilized by the platform also implements comparison, wherein, based on the results of the scan, the platform determines whether the printed document is up to date or expired ("verifying authenticity of the physical copy of the document"), thereby, fulfilling the same purpose as that of comparing the entire scanned physical document with the corresponding online stored document.



(https://system.asite.com/com/asite/www/document-management.html#version_control).



(https://dms.asite.com/dmsHelp/Publish_Documents___Drawings_-_QR_Code.htm).

22.     **Induced Infringement.** Upon information and belief, Defendant has been and now is inducing infringement of claim 1 of the '661 patent in this District, in the State of Texas, and elsewhere in the United States, by providing the Asite workspace platform for use by Defendant's customers to perform a method that infringes claim 1 as described above.  (*Supra* ¶¶15-21). At least as of the filing of this lawsuit and service of the Complaint, Defendant has had knowledge of the '661 Patent and knowledge that the use of Asite workspace platform in the manner described above constituted direct patent infringement.  Despite this knowledge of infringement of claim 1 of the '661 Patent, Defendant continued to encourage and induce its customers to use the Asite workspace platform to perform the claimed method of verifying authenticity of a physical copy of a document in a manner that infringed claim 1 of the '661 Patent through providing online manuals describing how the Asite workspace platform can be operated in a manner that infringes claim 1 of the '661 Patent and instructions for how to use the Asite workspace platform in the accused manner.  (*Supra* ¶¶15-21).  Defendant is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing its Asite workspace platform to its

customers and by aiding and abetting its use in a manner known by Defendant to infringe claim 1 of the '661 Patent.

23.     Specifically, Defendant provides the Asite workspace platform knowing that it performs a method of verifying authenticity of a physical copy of a document by registering, by a processor, a document in a repository by storing details related to the document in a location of the repository, wherein the details comprise at least one of a name of the document, an e-mail of a creator of the document, date and time of creation of the document, and an image of the document comprising content of the document, and a signature of the creator; generating by the processor, a symbology for the document, wherein the symbology is an identifier of the location of the repository, comprising the document; associating, by the processor, the symbology with a physical copy of the document; scanning, by the processor, the physical copy of the document to generate a scanned image; accessing, by the processor, the document and the details related to the document present at the location of the repository, wherein the document is accessed using the symbology present on the scanned image; and comparing, by the processor, the scanned image with the document stored in the repository to determine the authenticity of the physical copy of the document, based on results of the comparison. (*Supra* ¶¶15-21).  Defendant also informs its customers that their use of the Asite workspace platform performs steps that infringe claim 1. (*Supra* ¶¶15-21).  Defendant therefore knowingly induced and induces infringement and specifically intended to encourage and induce the infringement of claim 1 of the '661 patent by its customers.  Even where performance of the steps required to infringe claim 1 of the '661 patent is accomplished by Defendant and Defendant's customer jointly, Defendant's actions have solely caused each of the steps to be performed.

24. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such infringement of the '661 Patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

25. On information and belief, Defendant will continue its infringement unless preliminarily and permanently enjoined by the Court. Each and all of the Defendant's infringing conduct thus causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

## IV.  JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that claim 1 of United States Patent No. 10,814,661 has been infringed directly and indirectly, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein, and an accounting of all infringements and damages not presented at trial;

c. That Defendant be preliminarily and permanently enjoined from any further activity or conduct that infringes;

d. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

  e.  That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

November 10, 2025            Respectfully Submitted,

                        /s/  *Benjamin C. Deming*
                        Joseph J. Zito

<u>Of Counsel:</u>              DNL ZITO
David R. Bennett (IL Bar No.: 6244214)  1250 Connecticut Ave., NW #700
(*pro hac vice* to be filed)         Washington, DC 20036
DIRECTION IP LAW           202-466-3500
P.O. Box 14184            jzito@dnlzito.com
Chicago, Illinois 60614-0184
Telephone: (312) 291-1667       Benjamin C. Deming
dbennett@directionip.com        DNL ZITO
                        3232 McKinney Ave
                        Suite 500
                        Dallas, Texas 75204
                        bdeming@dnlzito.com

                        *Attorneys for VeriDoc Systems LLC*